| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | SOUTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| R.N., a minor by and through his guardian ad litem, Elizabeth Neel,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.: 3:17-cv-1583-L-BGS<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING MINOR'S COMPROMISE PETITION**<br><br>**[ECF No. 42]** |

Before the Court is the *ex parte* petition of Elizabeth Neel, mother and court-appointed guardian *ad litem* of minor Plaintiff R.N., for approval of the compromise of R.N.'s disputed claim. ECF No. 42. This Report and Recommendation is submitted to United States District Judge M. James Lorenz pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California. After reviewing the Petition and all supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that the District Court **GRANT** the Petition.

## I. BACKGROUND

Plaintiff R.N. ("Plaintiff") is a minor appearing by and through his mother and court-appointed guardian *ad litem*, Elizabeth Neel. ECF No. 42. Plaintiff, who was two-years-old at the time and enrolled at the Marine Corps Air Station Miramar Child Care Development Center ("CDC"), was injured twice in two months. ECF No. 1 at 7–14. He filed this action under the Federal Tort Claims Act ("FTCA"), alleging that his injuries were caused by Defendants' negligence. *Id*.

Specifically, on March 4, 2016, a teacher at the CDC closed an interior classroom door on Plaintiff's pinky finger, causing a fracture. ECF No. 1 at 2. To recover, Plaintiff was placed in a "long arm club" cast for three weeks. *Id*. Additionally, on April 12, 2016, Plaintiff fractured his right femur while playing on an outdoor structure, which Plaintiff attributes to Defendants' failure to adequately supervise the children playing on the structure. *Id*. at 2, 12. To recover from this second injury, Plaintiff was placed in a spica cast for five weeks, and thereafter attended physical therapy and had periodic checkups with his pediatric orthopedic doctor. *Id*. at 2. As of November 25, 2019, Plaintiff has recovered completely from his injuries. *Id*. at 3.

On November 25, 2019, Ms. Neel filed an *ex parte* petition for approval of the minor's compromise of claims. In the Petition, she requests that the Court approve the proposed settlement. Under the terms of the settlement, Plaintiff agreed to accept $50,000.00 in exchange for dismissing his claims against Defendants. *Id*. Specifically, Defendants have agreed to issue one check in the amount of $44,000 made payable to Sage Settlement Consulting. *Id*. Sage Settlement Consulting will then issue two checks: one to fund future periodic payments in the amount of $20,000.00; and the second check made payable to Carree K. Nahama, attorney for Plaintiff, in the amount of $24,000.00. *Id*. Defendants have agreed to pay the Navy medical provider directly for their medical lien, totaling $6,000. *Id*.

//
//

## II. LEGAL STANDARD

It is well settled that courts have a special duty to safeguard the interests of litigants who are minors in the context of settlements proposed in civil suits. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* FED. R. CIV. P. 17(c) (district courts "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*."). To facilitate courts within this district fulfilling the duty to safeguard, Local Rule 17.1(a) provides that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR. 17.1(a).[1]

The Ninth Circuit established that courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. They should also "evaluate the fairness of each minor plaintiff's net

---

[1] This requires the Court to question if the settlement is in the best interests of the minor and consider not only the fairness of the settlement, but the structure and manner of the plan for the payment and distribution of the assets for the benefit of the minor. Under the Local Rules, parties must submit the settlement to a magistrate judge for preliminary review of the structural components. *See* CivLR 17(a) ("All settlements and compromises must be reviewed by a magistrate judge before any order of approval shall issue.").

recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel[2]—whose interests the district court has no special duty to safeguard." *Id*. at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Robidoux*, 638 F.3d at 1182.

## III. DISCUSSION

After Judge Skomal made a mediator's proposal (ECF No. 40), Plaintiff decided to settle the case, with the understanding that if the settlement is approved by the Court, Plaintiff will be forever barred from seeking any further recovery or compensation from Defendants on the claims that are proposed to be dismissed. The undersigned has been assigned to this matter (ECF No. 43) to fulfill the special duty of the court to safeguard the interests of a minor in such a situation. In doing so, this Court will analyze the proposed settlement, the method of disbursing Plaintiff's net recovery, and the proposed attorney fees and costs.

/ /

---

[2] However, the Ninth Circuit limited its decision to "cases involving the settlement of a minor's <u>federal</u> claims." *Robidoux*, 638 F.3d at 1181–82 (emphasis added). Because FTCA claims are governed by substantive state law, approval of their settlement may be governed by state law rather than limited by *Robidoux*. *See A. M. L. v. Cernaianu*, No. LA CV12-06082 JAK (RZx), 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014) (collecting cases). Under California state law, the Court is tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor, with "broad power" "to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *See Espericueta v. Shewry*, 164 Cal. App. 4th 615, 619-20 (2008); *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994). In this case, however, it is not necessary for the Court to resolve the question of whether *Robidoux* or state rules apply. The outcome is the same. *See A. M. L.*, 2014 WL 12588992, at *3 (finding it unnecessary for court to resolve whether *Robidoux* or state rules applied to approval of Minor's Compromise in case involving state tort law claims under the FTCA where proposed settlement would satisfy both standards).

### A. Proposed Settlement

This action commenced on August 7, 2017. ECF No. 1. Ms. Neel filed the instant motion for approval of the minor's compromise on November 25, 2019, just one week before the final pre-trial conference was set to be held. *See* ECF No. 41. Thus, this case has been thoroughly developed over the course of the litigation. *See* ECF Nos. 15, 21, 33, 36.

The Court finds that the proposed settlement allows for the certainty of recovery for the minor Plaintiff, as opposed to the uncertainty associated with a jury verdict. In addition, the Court has performed its own review of cases involving facts similar to those at issue here and finds Plaintiff's net recovery of $20,000 to be fair and reasonable under the circumstances. *See, e.g.*, *L.M. v. Kern High Sch. Dist.*, No. 17-cv-1123-DAD-JLT, 2019 WL 1099983, at *2–*3 (E.D. Cal. Mar. 8, 2019) (finding plaintiff's net recovery of $15,086.76 out of a total settlement amount of $50,000, for a minor's claim that his broken right femur was due to the school's negligent supervision, to be fair and reasonable because much time and expense was associated with litigating the claim, and because medical treatment was successful and further medical treatment was not anticipated); *T.P. v. United States*, 10cv295-AJB-RBB, 2011 U.S. Dist. LEXIS 110897, at *2 (S.D. Cal. Sept. 28, 2011) (finding net recovery of $8,713.76 for a minor's FTCA claim arising from being struck by a Federal Bureau of Investigations van, which fractured his leg in two places and kept him in a cast for seven weeks, to be fair and reasonable); *T.B. v. Chico Unified Sch. Dist.*, No. 2:07-cv-00926-GEB-CMK, 2010 WL 1032669, at *1–*2 (E.D. Cal. Mar. 19, 2010) (approving net recovery of $16,500 for a minor's claim that he was subject to unnecessary force at school as fair and reasonable); *cf. D.C. v. Oakdale Joint Unified Sch. Dist.*, No. 1:11-cv-1112-SAB, 2013 WL 275271, at *2 (E.D. Cal. Jan. 23, 2013) (finding net recovery of $30,000 for a minor's claims, arising from <u>both</u> a lack of proper programs for disabled students at the school and from spraining his ankle when school used restraints to contain his behavioral outburst, was fair and reasonable); *C.T. v. Mt. Diablo Unified Sch. Dist.*, No. C11-03108-LB, 2012 WL 1595046, at *2 (N.D. Cal. May 4, 2012) (finding net recovery of $28,650 for a minor's claims, arising from <u>both</u> a lack of proper programs for

disabled students at the school and from inadequately supervising an altercation whereby his collar bone was broken by another student, was fair and reasonable).

Based upon a consideration of the facts, Plaintiff's claims, the risks associated with trial, and the recoveries in similar actions, the Court concludes the proposed settlement is fair and reasonable under both California and federal law standards.

### B. Method of Disbursement

Courts can use a wide variety of methods for the disbursement of settlement funds to a minor. *See* CAL. PROB. CODE § 3600 *et. seq.* Here, Ms. Neel requests that Plaintiff's net settlement be used to purchase a structured settlement annuity through Sage Settlement Consulting, which would use rates from Pacific Life Insurance Company. ECF No. 42 at 26.

The Court has considered the structured annuity quote provided by Sage Settlement Consulting and the methods of disbursement chosen by the minor Plaintiff's guardian *ad litem*. *Id*. This method provides that the balance of settlement be placed in an account with disbursements to be made over a period of years. Specifically, the $20,000 check will be invested in a single-premium deferred annuity, subject to withdrawal only upon the authorization of the Court. *Id*. at 9. This would provide Plaintiff with guaranteed lump sum payments of approximately $5,000, $7,000, and $21,134.53, payable at ages 22, 25, and 28, respectively. *Id*. at 26. The terms of the annuity adequately protect Plaintiff by providing that the bulk of the settlement be released after he has reached the age of majority. The Court finds that the methods of disbursements appear to be fair, reasonable, and within the bounds of applicable law. *See* CAL. PROB. CODE § 3602(c)(1) (providing as option that funds be deposited into a deferred annuity).

### C. Attorney Fees and Costs

Attorney fees and costs are typically controlled by statute, local rule, or local custom. Generally, fees in minors' cases have historically been limited to 25% of the gross recovery. In California, courts are required to approve the attorney fees to be paid for

6

representation of a minor. *See* CAL. PROB. CODE § 2601; Cal. Rule of Ct. 7.955.[3] In instances where a contingency fee has been proposed, "most courts require a showing of good cause to award more than 25% of any recovery" whereas a greater reward is "rare and justified only when counsel proves that he or she provided extraordinary services." *Schwall v. Meadow Wood Apts.*, No. CIV. S-07-0014 LKK, 2008 WL 552432, at *1–*2 (E.D. Cal. Feb. 27, 2008) (internal quotation marks omitted).

Plaintiff's counsel seeks $10,649.52 in attorney fees, a sum that represents 21.3%[4] of the gross settlement. ECF No. 42 at 6. The Court finds Plaintiff's request for attorney fees to be permitted under the FTCA and lower than historical limits. *See* 28 U.S.C. § 2678; *Napier v. San Diego*, No. 15-cv-581-CAB-KSC, 2017 WL 5759803, at *9 (S.D. Cal. No. 28, 2017) ("Generally, fees in minors cases have historically been limited to 25% of the gross recovery"). Given the duration of this case, the amount of work performed by Plaintiff's counsel, and the fee request's adherence to both the FTCA's limits and the historically-applied limit in cases involving minors, the Court finds that the requested amount of attorney fees is reasonable and does not suggest that the settlement was unfair.

Additionally, in the instant motion, Plaintiff's counsel set forth costs accrued over the past two years of litigation totaling $12,500.48, which represent $8,382.00 in expert fees for three experts' work, $3,538.96 in deposition court reporting fees, and $579.52 in costs. ECF No. 42 at 6. This litigation, which began in August 2017, settled on the eve of trial, after the conclusion of discovery and after the facts of the case had been thoroughly

---

[3] Similarly, San Diego Superior Court Civil Rule 2.4.6.2 states that, regarding a minor's compromise, "the court will determine the amount of costs, expenses, and attorney's fees to be allowed from the proceeds of the settlement. Absent extraordinary circumstances, attorney's fees will not exceed 25% of the gross proceeds of the settlement."

[4] The contingency fee in Plaintiff's attorney-client retainer agreement is 25% of all recovery any time up to 60 days before trial. ECF No. 42 at 22. Thus, it is evident that Ms. Nahama lowered her rate to maximize Plaintiff's net recovery.

investigated in response to Defendants' summary judgment motion. Thus, the Court finds that the costs incurred are fair and reasonable under the circumstances.

### D. Additional Considerations

All litigation-related expenses in this case total $23,150.00. *See* ECF No. 42 at 6 (adding $10,649.52 in attorney fees plus $12,500.48 in costs). However, as part of the settlement agreement, $24,000.00 of the total settlement is to be made payable to Ms. Nahama, Plaintiff's counsel. *Id*. at 3. This would create a windfall of $850.00 for Ms. Nahama. However, it is apparent that this extra $850.00 is meant to pay Dr. Hosalkar's medical lien.[5] To ensure that the settlement is fair and reasonable to the minor Plaintiff, the Court **RECOMMENDS** that the District Court order Plaintiff's counsel to file a declaration clarifying that she will use the $850.00 to pay the remaining medical lien.

## IV. CONCLUSION

For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) adopting this Report and Recommendation; (2) requiring Plaintiff's counsel to file a declaration that she will use the remaining $850.00 to pay Dr. Hosalkar's medical lien; and (3) **GRANTING** the *ex parte* Petition to Approve Compromise of Pending Action - Minor (ECF No. 42).

**IT IS ORDERED** that no later than **December 26, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to raise those

---

[5] There are two medical liens in this case, totaling $6,850.00. ECF No. 42 at 5. The first is owed to Harish Hosalkar, MD, who will accept $850.00 in full satisfaction of his lien. *Id*. The second is owed to Navy Medical Claims Recovery Unit, which will accept $6,000.00 in full satisfaction of its lien. *Id*. Defendants have only agreed to pay the Navy medical provider directly for their medical lien. *Id*. at 3. By Defendants not paying Dr. Hosalkar directly, this would leave Plaintiff responsible for the $850.00 deficit.

objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 9, 2020**.

Dated: December 11, 2019

Honorable Allison H. Goddard
United States Magistrate Judge